## Commonwealth, to use, v. Shaulis et al.

*P. G. Cober*, district attorney, for Commonwealth.
*Budd B. Boose*, for defendant.

BOOSE, P. J., July 6, 1932.—This case is here upon a rule to show cause why the judgment entered to the above number and term should not be opened as to the estate of Frank W. Shaulis, deceased. A short recital of the facts will disclose the question involved and the reason for the decree to be hereinafter entered.

On April 11, 1928, in obedience to an order and decree of the Court of Quarter Sessions, entered to September Sessions, 1922, No. 23, the defendants gave their obligation or recognizance to the Commonwealth of Pennsylvania in the sum of $1000, conditioned that Charles Shaulis, the principal in said obligation, should pay quarterly the sum of $59.80 for the support of his child. Subsequently this order was modified and reduced to $45 per quarter. This order, as modified, became in default, and judgment was entered upon said recognizance to the above number and term, and an execution issued thereon. By a stipulation in writing, and made a part of the record, counsel have agreed that Frank W. Shaulis, the surety upon said recognizance, died on January 23, 1931. The single question for determination is this: Does the death of the surety relieve his estate from liability upon this recognizance and the judgment confessed thereon?

We have not been able to find any authority, nor has any been cited by counsel, sustaining the affirmative of this proposition; and, therefore, we must be guided by the Act of April 11, 1848, P. L. 536, Sec. 3, which provides:

"Where a judgment shall hereafter be obtained against two or more co-partners, or joint or several obligors, promisors or contractors, the death of one or more of the defendants shall not discharge his or their estate or estates, real or personal, from the payment thereof; but the same shall be payable by his or their executors or administrators, as if the judgment had been several against the deceased alone."

### Decree

And now, July 6, 1932, the rule to show cause why the judgment should not be opened as to the estate of Frank W. Shaulis, deceased, is discharged.

From Mrs. Daryle R. Heckman, Somerset, Pa.